IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER M. REYES, | } | |
| TDCJ-CID NO.1306523, | } | |
| Petitioner, | } | |
| v. | } | CIVIL ACTION NO. H-07-4487 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
| Respondent. | } | |

OPINION ON DISMISSAL

Petitioner Roger M. Reyes, an inmate incarcerated in the Texas Department of

Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254, challenging his felony conviction for possession of a

controlled substance, namely, cocaine.  (Docket Entries No.1, No.6).  Respondent has filed an

answer, in which he seeks dismissal of the petition.  (Docket Entry No.12).  Petitioner has filed

an Objection to Respondent's Answer (Docket Entry No.16), to which respondent has filed a

response.  (Docket Entry No.19).  After considering all pleadings and the entire record, the Court

will grant respondent's motion to dismiss the petition and deny petitioner federal habeas relief.

I. BACKGROUND AND PROCEDURAL HISTORY

Following a hearing on two motions to suppress, petitioner entered a plea of

guilty to the charge of possession with intent to deliver cocaine weighing at least 400 grams in

cause number 1004701 in the 230th District Court of Harris County, Texas "without an agreed

recommendation to a PSI (with a cap of 30 years TDCJ-ID plus a fine assessed by the judge)."

*Reyes v. State*, No.14-05-637-CR, Clerk's Record, pages 57-58.  Petitioner's guilt was adjudicated

and he was sentenced to twenty-five years' confinement in TDCJ-CID.  *Id*., page 67.  The state

district court certified petitioner's right of appeal, noting that the case was a plea-bargained case but that petitioner did not waive his right to appeal matters raised and ruled on before trial. (*Id.*, page 65).

Petitioner challenged the denial of his motions to suppress on direct appeal. *Reyes v. State*, No.14-05-00637-CR, 2006 WL 2433867 (Tex. App.—Houston [14th Dist.] August 24, 2006, no pet.). Petitioner complained that the state district court abused its discretion in denying his motion to suppress evidence of contraband because there was no evidence he violated traffic laws, the detention exceeded the scope of the investigation, and the consent to search was not valid. *Id.* at * 1. Petitioner further complained that the state district court erred in denying his motion to suppress his statement because he was improperly induced into making an incriminating statement. *Id.* In affirming the judgment of the state district court, the intermediate state appellate court summarized the pertinent facts as follows:

On October 21, 2004, Officer Floyd Winkler of the Houston Police Department, was conducting a narcotics investigation, which led him to a parking lot on Highway 6 at Interstate 10. Winkler testified he had information that a large narcotics transaction would take place in the parking lot. His information included the fact that a Ford Explorer would be involved in the transaction. At approximately 1:00 in the afternoon, a Ford Explorer entered the parking lot. Fifteen minutes later, a Volkswagen driven by appellant and his co-defendant, Israel Herrera, entered the parking lot and drove up to the Ford. A woman exited the Ford and gave appellant and Herrera an empty suitcase. Appellant placed the open suitcase in the trunk of the Volkswagen and began to place 'brick-like' objects in the suitcase. After the suitcase was filled, both cars left the parking lot.

Before the transaction, Winkler had requested that a Department of Public Safety Trooper be available to make a traffic stop. Winkler followed the Volkswagen in his unmarked vehicle until he observed the driver of the vehicle change lanes in advance of a hard left turn without signaling that he would be changing lanes. According to Winkler, the lane change almost caused an accident. Winkler then radioed the trooper to make a traffic stop. Trooper C. Franden stopped the vehicle, asked appellant and Herrera several questions, and obtained consent to search the vehicle. Trooper Franden found a suitcase full of cocaine in the trunk of the vehicle. After the cocaine was discovered, Winkler arrived on the scene,

> arrested appellant and Herrera, and advised them of their rights.   Appellant waived his rights and made a statement to Winkler.

*Id.* at *1.[1]   Petitioner sought an extension of time to file a petition for discretionary review but the extension was denied.   *Ex parte Reyes*, Application No.68,853-01, page 64.   Petitioner then sought state habeas relief on grounds that the Court of Criminal Appeals erroneously denied his motion for an extension to file a PDR and erred in ruling that his traffic stop was lawful, that the officer conducting the search did not exceed his authority, that his consent to search was legal. *Id.*, pages 7-33.   In a supplemental application, petitioner complained that the State deliberately manipulated evidence to the intermediate court of appeals, his guilty plea was involuntary because his attorney rendered constitutionally ineffective assistance, and he was denied the effective assistance of counsel on appeal.   *Id.*, pages 39-46.   The state district court recommended that relief be denied.   *Id.* at 66-67.   On December 5, 2007, the Texas Court of Criminal Appeals denied the application without written order.   *Id.* at cover.

In the pending action, petitioner seeks federal habeas relief on the following grounds:

1. The state district court erred in denying his motions to suppress because

    a. The traffic stop and detention were unlawful and excessive;

    b. The officer conducting the search exceeded the consent, if given, for the scope of the search and consent was not given voluntarily; and,

    c. Petitioner did not give his statement voluntarily.

2. Petitioner's plea of guilty was involuntary because trial counsel

    a. Failed to investigate fingerprint evidence;

---

[1] *See also Herrera v. State*, No.01-05-00594-CR, 2008 WL 339508 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

      b.      Did not allow petitioner to hear the audiotapes;

      c.      Did not investigate or discover that the voice on the tape was not petitioner's voice;

      d.      Failed to advise petitioner that under Texas Rule of Evidence 1008(c), petitioner could have requested a jury to make a final determination of whether the voice on the audiotape was his voice;

      e.      Failed to contact eyewitness Israel Herrera and obtain exculpatory evidence that the drugs belonged to Herrera and the voice on the audiotape was Herrera's voice;

      f.      Failed to contact corroborating witness Emma Laviano;

      g.      Failed to timely contact Sam's Member's Club to obtain exculpatory videotape of the parking lot;

      h.      Failed to move for a severance that would have allowed Herrera to testify for the defense;

      i.      Did not preserve error when trial court failed to rule on motion for severance; and,

      j.      Failed to impeach Officer Winkler's testimony with the video that would have undermined his credibility, which was the basis for the finding that the traffic stop was legal.

3.      Petitioner was denied the effective assistance of counsel on appeal because appellate counsel

      a.      Failed to properly meet the State's erroneous assessment of the record regarding consent to search the car;

      b.      Gave erroneous advise that caused petitioner to forfeit his right to an extension to file a PDR;

      c.      Failed to argue the denial of due process on the ground that the trial court did not grant petitioner's motion for a severance, thereby depriving petitioner of exculpatory testimony; and,

      d.      Did not argue that trial counsel was ineffective for failing to preserve error with respect to the motion for a severance.

4.      Petitioner is actually innocent of the crime for which he stands convicted; and,

4

5.    His due process rights were violated by the prosecution allowing prejudicial testimony to go uncorrected.

(Docket Entries No.1, No.6).

Respondent argues that the petition should be denied because it is time-barred and alternatively that petitioner's claims are unexhausted and procedurally barred or without merit. (Docket Entry No.12).

## II. ONE-YEAR LIMITATION PERIOD

Petitioner's federal habeas petition is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh v. Murphy*, 521 U.S. 320 (1997).   Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C.§ 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim
>         or claims presented could have been discovered
>         through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State
>         post-conviction or other collateral review with respect to the
>         pertinent judgment or claim is pending shall not be counted toward
>         any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).  The one-year limitations period became effective on April 24, 1996,
and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*,
154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was
filed well after that date, the one-year limitations period applies to his claims.  *Flanagan*, 154
F.3d at 198.

On May 26, 2005, the state district court entered judgment on petitioner's drug
possession conviction.  *Reyes v. State*, No.14-05-00637-CR, Reporter's Record, page 67.  On
August 24, 2006, petitioner's conviction was affirmed on direct appeal.  (Docket Entry No.1).
Petitioner did not file a timely petition for discretionary review ("PDR").  (*Id*.).  Therefore, his
conviction became final for purposes of the AEDPA on September 23, 2006, when his time for
seeking a PDR expired.  *See* TEX. R. APP. PROC. 68.2(a).   That date triggered the one-year
limitations period which expired on September 23, 2007.

Petitioner's state habeas application was pending before the Texas Court of
Criminal Appeals for eighty-two days, thus tolling the limitations period for filing the federal
application until December 14, 2007.  A properly filed state writ application tolls the limitations
period while the claim or judgment is pending in state court.  28 U.S.C. § 2244(d)(2); *Villegas v.
Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's
procedural filing requirements tolls one-year limitations period during pendency of petition).

Petitioner indicates that he executed the pending petition on December 13, 2007, by depositing it in the prison mailing system on the same date. (Docket Entry No.1). Respondent's summary judgment evidence reflects that prison officials recorded the document on the outgoing legal mail log on December 17, 2007. (Docket Entry No.12-2, page 3). The Clerk recorded the petition as filed on December 17, 2007. (Docket Entry No.1). For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Because petitioner deposited the pending petition in the prison mail system one day before the expiration of the statute of limitations, the pending petition is not time-barred. Accordingly, the Court denies petitioner's motion to dismiss the petition as time-barred.

## III. BARRED CLAIMS

Respondent maintains petitioner did not exhaust the following claims and that such claims are now procedurally barred:

1. The state district erred in denying the motion to suppress because petitioner's statement to police was involuntary;

2. His plea was involuntary because trial counsel rendered ineffective assistance of counsel by failing to

   a. Contact corroborating witness Emma Laviano,

   b. Contact Sam's Member's Club to obtain an exculpatory videotape of the parking lot,

   c. File a motion for severance that would have allowed Herrera to testify for the defense,

   d. Preserve error due to the state district court's failure to rule on the motion for severance, and

      e.      Impeach Officer Winkler's testimony with the video tape;

3.      He was denied the effective assistance of appellate counsel because appellate counsel failed to

      a.      Raise the issue of trial court error for failure to grant a severance and

      b.      Raise the issue of ineffective assistance of counsel for failing to make the state district court rule on a motion for severance;

4.      He is actually innocent; and,

5.      His due process rights were violated by the prosecution allowing prejudicial testimony to go uncorrected.

(Docket Entry No.12).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). *See also Castille v. Peoples*, 489 U.S. 346 (1989). A claim is exhausted when a habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel*, 179 F.3d at 275 (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). The substance of a federal claim is deemed "fairly presented" in state court for purposes of the exhaustion doctrine only if the petitioner relies upon identical facts and legal theories in both of the state court proceeding and the action for federal habeas relief. *Picard v. Connor*, 404 U.S. 270, 275-75 (1971); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

In Texas, exhaustion may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *See Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

Petitioner did not specifically raise any of the foregoing claims in his state habeas application and he did not file a PDR from the state intermediate appellate decision affirming his conviction.  Accordingly, the Court finds that petitioner has presented unexhausted claims in this federal habeas petition.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509 (1982).  Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law.  (Docket Entry No.12.).

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground.  *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).  A procedural bar for federal habeas review also occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred.  *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991).

Texas prohibits successive writs challenging the same conviction except in narrow circumstances.  TEX. CODE CRIM. PROC. ANN. art. 11.07,§4(a) (Vernon 2005).  The Texas

Court of Criminal Appeals will not consider the merits nor grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

1. the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

2. by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).  Therefore, petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court.  *Coleman*, 501 U.S. at 735 n.1.  Such a bar precludes this Court from reviewing petitioner's claims absent a showing of cause for the default and actual prejudice attributable to the default.  *Id.* at 750.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment.  *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).  Petitioner, however, fails to address the default, the cause of the default, or prejudice resulting from the default in his Objection.  Instead, petitioner contends that these claims could have been brought on direct appeal because the appellate record supported each claim and that he timely presented each claim to the habeas state courts as evidenced by Exhibit J, which is a copy of two certified mail receipts addressed to the Harris County District Clerk.  (Docket Entries No.16, No.24).  Exhibit J shows nothing of the content of the document

submitted to the state district court; therefore, it fails to support petitioner's claim that he exhausted such claims.

Because petitioner has not shown cause for the default or actual prejudice attributable to the default nor that he is actually innocent, the Court is procedurally barred from considering such claims. Accordingly, the Court will grant respondent's motion to dismiss these unexhausted claims with prejudice.

## IV. PETITIONER'S REMAINING CLAIMS

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).   Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2).   *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).   Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.   A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*   To be unreasonable, the state decision must be more than merely incorrect.   *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).   A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a

manner that is so patently incorrect as to be 'unreasonable." *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

A. Voluntary Plea

Petitioner complains that his guilty plea was involuntary because his trial counsel's representation was constitutionally deficient and prejudicial.   (Docket Entries No.1, No.6). Specifically, petitioner complains that his trial counsel failed to investigate fingerprint evidence, did not allow petitioner to hear the audiotapes, failed to investigate or discover that the voice on the tape was not petitioner's, failed to advise petitioner that he could have requested a jury to determine if the voice on the tape was his, and failed to contact an eyewitness and obtain exculpatory evidence.   (*Id.*).   Petitioner maintains that because his trial counsel's pre-plea performance was deficient, his advice to plaintiff to enter a guilty plea was also deficient and prejudicial.  (Docket Entry No.16).

Respondent contends that the record shows that petitioner's plea was knowing and voluntary and that petitioner has failed to plead any facts or provide any probative summary judgment evidence to show otherwise.  (Docket Entry No.12).

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice." *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)).  "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407

U.S. 25, 34 (1972).   A voluntary guilty plea waives all non-jurisdictional defects in the proceedings below except claims of ineffective assistance of counsel relating to the voluntariness of the plea.  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. (2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also U.S. v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  A claim of ineffective assistance of counsel presents a mixed question of law and fact.  *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001).

"To be valid, a guilty plea must be voluntary, knowing and intelligent.  *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).  The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." *Matthew v. Johnson*, 201

14

F.3d 353, 364-65 (5th Cir. 2000).  The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel.  *Washington*, 480 F.3d at 315 (citation omitted).  Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel."  *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1962)).  The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur."  *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

Petitioner does not claim that he did not receive real notice of the true nature of the charge against him, that he did not understand the charge against him or constitutional protections that he waived, or that he was induced or coerced in any way to enter a guilty plea. Petitioner contends that he entered a guilty plea on the faulty advice of trial counsel, who had not fully investigated the case, contacted certain witnesses, and advised petitioner about a jury issue regarding his statement to police.  (Docket Entries No.1, No.6).  The record, however, belies petitioner's complaint of deficient performance by his trial attorney.  In addition to a judicial confession and statements indicating that he understood the nature of the charges, the punishment range, the written admonishments, and the consequences of his plea, petitioner also confessed that his plea was freely and voluntarily made.  *Reyes v. State*, No.14-05-00637-CR, Clerk's Record, pages 57-63.  Petitioner further acknowledged in the written admonishments that trial counsel provided fully effective and competent representation and that he was "totally

15

satisfied' with counsel's representation.  *Id.*  Such attestation carries a strong presumption of verity.  *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

Likewise, petitioner's 'evidence' attached to his Objection to Respondent's Answer does not contravene the record of the suppression hearing with respect to petitioner's and his trial counsel's knowledge of the facts of the case and the applicable law; nor does it reflect that his trial counsel's advice to plead guilty was ill-advised or prejudicial because counsel had failed to properly investigate the case.  (Docket Entry No.16).  Instead, the record of the hearing on petitioner's and co-defendant Herrera's motions to suppress reflects that petitioner's trial counsel engaged in a vigorous cross-examination of the investigating officers regarding the actual drug transaction, the information received from a confidential informant, the traffic stop and petitioner's detention, petitioner's statements to officers, the consent to search, and the identity of the confidential informant.  The record also reflects that both petitioner and his co-defendant were present at the hearing along with their attorneys.  They both heard testimony regarding the content of the audio recording, wherein petitioner allegedly stated that the cocaine was not his and that it belonged to Herrera.  Petitioner also heard testimony that Herrera stated the same.  *Reyes v. State*, No.14-05-00637-CR, Volumes 2, 4.

The record further reflects that petitioner's trial counsel suspected that the confidential informant was a participant in the drug offense and that she could provide evidence regarding guilt or innocence regarding the drug transaction, whether petitioner actually handled or loaded the bundles, and whether a traffic violation actually occurred.  *Id.*, Volume 2, page 71.  After an in-camera hearing, the state district judge granted petitioner's motion to disclose the identity of the confidential informant.  Petitioner and his counsel were informed that Nelda Enriquez, the driver of the Explorer and a participant in the drug transaction, was the informant.

16

*Id.*, Volume 4, page 4. Because petitioner's trial was set to commence following the suppression hearing, the prosecutor attempted to produce Enriquez for questioning. *Id.*, page 57. Enriquez had not yet arrived when the state district court announced that a jury panel was on its way to the courtroom. The state district judge suggested to petitioner's trial counsel that they select a jury and thereafter, resume the hearing and question Enriquez, or that the panel be sent away. *Id.* Petitioner's trial counsel indicated that he would try to give an answer on the jury issue "in just a moment." *Id.* The record does not reflect that Enriquez was questioned[2] or that a jury impaneled. Petitioner entered his guilty plea and executed the waivers and admonishments on the same day *Id.*, Clerk's record, pages 57-63.

Based on this record, the Court finds that petitioner has failed to show his entitlement to relief under the AEDPA standard with respect to his claim of an involuntary plea.

To the extent that petitioner complains that his trial counsel was constitutionally ineffective aside from petitioner's involuntary plea claim, the Court finds that petitioner has waived such claims by his plea. *See Glinsey*, 209 F.3d at 392.

B. Warrantless Search and Seizure

Petitioner contends that the state district court erred in denying his motion to suppress because the traffic stop and detention were unlawful and excessive and he did not consent to the search of the vehicle and to the extent that he did consent, the search exceeded such consent. (Docket Entry No.1). Respondent maintains that petitioner's illegal search and seizure claims are not cognizable because he received a full and fair hearing on the claim in state court and he waived such claim by his guilty plea. (Docket Entry No.12).

---

[2] Co-defendant Herrera also entered a guilty plea to possession with intent to deliver cocaine after his motion to suppress was denied. *Herrera v. State*, 2008 WL 339508 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Like petitioner, he entered his plea without questioning Enriquez. *Id.* at *5 n.3.

17

'[A] federal court may not, under § 2254, consider a claim that evidence from an unconstitutional search was introduced at a state prisoner's trial if the prisoner had 'an opportunity for full and fair litigation of [the] claim in the state courts." *Reed v. Farley*, 512 U.S. 339, 347 (1994) (quoting *Stone v. Powell*, 428 U.S. 465, 469 (1976)).  When facts are in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court.  *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977).  Petitioner filed two motions to suppress, *i.e.*, a motion to suppress the audio that accompanied the video recording of petitioner after the arrest and a motion to suppress evidence.  *Reyes v. State*, No.14-05-00637-CR, Clerk's Record, pages 25-26, 46-48.  After a hearing, the state district court denied the motions.  *Id.*, Reporter's Record, Volumes 2, 4; *Reyes v. State*, 2006 WL 2433867 at *1.  Petitioner challenged the denial of the motions to suppress on direct appeal.  *Reyes*, 2006 WL 2344867.  He did not file a PDR from the state appellate court's judgment.  Because petitioner had the opportunity to fully litigate his Fourth Amendment claim in state court, this Court is without authority to consider the claim.

Moreover, plaintiff has waived such review by his guilty plea.  "Illegal searches and seizures are non-jurisdictional defects that [petitioner] waived his right to challenge when . . . he entered a knowing and voluntary guilty plea." *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (citation omitted).

C. Ineffective Assistance of Appellate Counsel

Petitioner contends that he was denied the effective assistance of counsel on appeal because his appellate counsel failed to challenge the State's erroneous assessment of the record regarding his alleged consent to search the vehicle and gave him erroneous advice that caused petitioner to forfeit his right to an extension to file a PDR.  (Docket Entry No.1).

Respondent contends that the state habeas court's denial of petitioner's ineffective assistance of counsel on appeal claims was reasonable.  (Docket Entry No.12).  Respondent notes that the record shows that petitioner's appellate counsel did challenge the consent to search on direct appeal; he also argues that petitioner's claim that appellate counsel gave him erroneous advice is conclusory.  (*Id.*).

An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right.  *Evitts v. Lucey*, 469 U.S. 387 (1985).  Claims of ineffective assistance of counsel are determined by the same standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Smith v. Murray*, 477 U.S. 527 (1986).  To establish that appellate counsel's performance was deficient in the context of an appeal, petitioner must first show that his attorney was objectively unreasonable in failing to find arguable issues to appeal, *i.e.*, counsel unreasonably failed to discover non-frivolous issues and raise them.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Appellate counsel is not required to present patently frivolous and arguments on appeal, or even to present all non-frivolous points that could have been raised.  *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994).

Petitioner must also demonstrate that he was actually prejudiced by his counsel's errors.  *Robbins*, 528 U.S. at 285-286; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).  To establish actual prejudice, petitioner must show a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on appeal." *Robbins*, 528 U.S. at 285.

Petitioner fails to demonstrate that appellate counsel's performance was prejudicial.  Contrary to petitioner's claim, appellate counsel argued on direct appeal that the State failed to prove by clear and convincing evidence that petitioner voluntarily consented to the search of the vehicle.  *Reyes v. State*, No.14-05-00637-CR, Appellant's Brief, pages 14-16.

Petitioner does not attempt to contravene the record with respect to this claim.  Therefore, such claim is subject to dismissal.

Petitioner's complaint that appellate counsel deprived him of a timely PDR by misinforming him of the date that the PDR was due in state court is also subject to dismissal. Petitioner states no facts in his original petition or his Objection to Respondent's Answer regarding the alleged misstatements attributable to his appellate counsel.[3]  (Docket Entries No.1, No.16).  Petitioner refers the Court to the affidavit of Rachel Reyes,[4] wherein she states that she was told that the PDR was due no later than October 25, 2006, "explaining an extra 30 days to file the extension of time to file the PDR."  (Docket Entry No.16, page 33).  He also refers the Court to his own unsworn declaration, wherein he states that his wife told him that his lawyer told her that the date to file the PDR was October 25, 2006.  (Docket Entry No.16-2, page 6, Exhibit C).

Texas law provides that the Texas Court of Criminal Appeals may extend the time to file a PDR "if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition."  TEX. R. APP. PROC. 68.2(c).  Petitioner filed an untimely motion for extension of time to file a PDR on October 22, 2006, almost month after the PDR was due.[5]

---

[3] Petitioner, however, argued in his memorandum in support of his state habeas application that his Motion for an Extension of Time was wrongly denied by the Texas Court of Criminal Appeals.  *Ex parte Reyes*, Application No.68,853-01, pages 20-21.

[4] In her affidavit, which petitioner attached to both his state habeas application in support of his claim that the Texas Court of Criminal Appeals wrongly denied his Motion for an Extension of Time to File a Petition for Discretionary Review and to his Objection to Respondent's Answer in the present case, Rachel Reyes attests that on September 30, 2006, petitioner's appellate counsel informed her that petitioner could file a *pro se* PDR and that the PDR was due no later than October 25, 2006.  *Ex parte Reyes*, Application No.68,853-01, pages 32-33; (Docket Entry No.16-2, pages 27-28).

[5] Petitioner attached the Motion for Out-of-Time Petition for Discretionary Review to his supplemental state habeas application that was filed on October 22, 2007.  *Ex parte Reyes*, Application No.68,853-01, page 52.  In such supplement, petitioner sought state habeas relief on several new grounds, including his claim that appellate counsel's erroneous advice caused him to forfeit his right to file a PDR.  *Id.*, page 45.  He stated no specific facts but referred the state court to the affidavit of Rachel Reyes.  *Id.*

*Ex parte Reyes*, Application No.WR-68-653-01, pages 52, 66.  The Texas Court of Criminal Appeals denied the motion October 26, 2007.  *Id.*, page 64.

The state habeas court made no explicit finding regarding petitioner's state habeas challenge to his appellate counsel's alleged misstatement regarding the time to file a PDR; instead, the state habeas court found that petitioner's motion for an extension was not filed timely and therefore, he waived any alleged errors made by the intermediate court of appeals.  *Ex parte Reyes*, Application No.68,853-01, page 66.  The Texas Court of Criminal Appeals denied the state habeas application.[6]  *Id.* at cover.

Petitioner states no facts in the pending petition to show that the Texas Court of Criminal Appeals would have granted his PDR if he had timely filed one.  Therefore, he fails to show that he suffered any prejudice from his appellate counsel's allegedly deficient performance.

Accordingly, petitioner's claims regarding his appellate counsel's representation are subject to dismissal.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated

---

[6] Petitioner does not contend, and public records do not show, that he filed an application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, requesting to file an out-of-time PDR on grounds that his appellate counsel misinformed him of the date to file the PDR.  The Texas Court of Criminal Appeals has granted habeas relief and leave to file an out-of-time PDR on the same claim.  *See Ex parte Lumpkin*, No.AP-75118, 2005 WL 1220389 (Tex. Crim. App. 2005) (not designated for publication).

differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).   A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.   *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).   The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.   Therefore, a certificate of appealability from this decision will not issue.

V. CONCLUSION

        Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1.   Respondent's motion to deny petitioner's habeas claims and dismiss the petition with prejudice (Docket Entry No.12) is GRANTED.

2.   Petitioner's petition for federal habeas relief is DENIED.

3.   A certificate of appealability is DENIED.

4.   This habeas action is DISMISSED with prejudice.

5.   All other pending motions are DENIED.

      The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 16th day of April, 2009.

22

MELINDA HARMON
UNITED STATES DISTRICT JUDGE